**J. P. AWALT, Trustee, Appellant,**

v.

**William M. ALEXANDER et al., Appellees.**

No. 15449.

Court of Civil Appeals of Texas.

Dallas.

March 20, 1959.

Rehearing Denied June 26, 1959.

C. C. Renfro, Dallas, for appellant.

J. C. Muse, Jr., Ralph W. Currie, O. D. Montgomery and Callaway, Reed, Kidwell & Brooks, Dallas, for appellees.

YOUNG, Justice.

The suit of Awalt, Trustee, against Alexander and others (by amended pleading made one of trespass to try title), involves location of the true boundary line between their adjacent property; the two lots in question lying on north side of Elm Street, Dallas, between Austin and Lamar. Upon a jury trial the court made a determination of boundary line; reciting that same was based "upon the verdict of the jury and the undisputed facts" to which appellant excepted, and after overruling of amended motion for new trial, has perfected this appeal; the parties being hereinafter referred to as "Awalt," "Alexander" and "Morrow".

Said jury issues and answer will first be summarized except Nos. 1 and 2 which are now quoted: "No. 1. Do you find from a preponderance of the evidence that the boundary line between the Awalt lot and the Alexander lot begins in the north line of Elm Street 113.5 feet easterly from the southwest corner of the block in which the property involved is situated as fixed by the surveyor John in Exhibit 55 and runs north 14 degrees west and parallel to Austin Street a distance of 90 feet?" The jury answered "No". No. 2. "Do you find from a preponderance of the evidence that the boundary line between the Awalt lot and the Alexander lot begins in the north line of Elm Street 112.55 feet easterly from the southwest corner of the three-story building (located on the corner

of Austin and Elm as fixed by Exhibit 84) and runs northwardly at an angle of 90 degrees, 7 minutes, 17 seconds a distance of 90 feet?" The jury answered "No". (3) the Awalt five story building, including the furthermost extension of the east side concrete plasters and beams therein, is not entirely within the boundary lines of the Awalt lot; (4) the reasonable cost of restoring that part of the original red brick wall here involved, which was removed by Morrow Wrecking Company, and not heretofore replaced, is $1,050; (5) J. R. Morrow believed and relied on the representations of Awalt that he and the other parties owned the wall in question; (6) Morrow and the Morrow Wrecking & Lumber Company, Inc., but for such belief and reliance would not have entered in the contract with Awalt for the restoration of such wall; (7) a reasonable compensation for labor and materials necessary for such restoration of the wall in question was $3,600 plus $350 architect fee; (8) the reasonable value of labor and materials actually used by Lester Bennett toward the restoration of the wall was $2,800; (8a) the Alexander Building when located on the ground did not extend along the north side of Elm Street, 45.63 feet as depicted by Exhibit 84; (9) the West wall of the Alexander building prior to 1911, consisted of five courses of brick; (10) in the construction of the five story building in 1911, one course of brick was removed from the west wall of the Alexander building; (11) such removal was with the acquiescence of Alexander and his sisters, or those under whom they claim; (12) that Alexander and sisters and those they claim under, either in person or tenants held peaceful and adverse possession of the Alexander Building under chain of title, or color of title, for three years prior to June 1, 1911; (14) that Wm. M. Alexander and his sisters and those under whom they claim held peaceable and adverse possession, either in person or through tenants, of Alexander Building using, enjoying and renting same, for ten years prior to June 1, 1911; (15) that Alexander and his sisters, and those under whom they claim, claiming under duly recorded deeds purporting to convey the Alexander Building, made entry upon said real estate and have had peaceful and adverse possession thereof under claims of right for more than twenty-five years prior to June 1, 1911; (16) the parties who owned the Awalt lot prior to January 1, 1907, and the parties who owned the Alexander lot prior to January 1, 1907, from and after the year 1878, acquiesced in a joint use of the red brick wall for a period of ten years or more; and (17) acquiesced in a joint use of such wall for a period of twenty-five years or more; (18) the parties who owned the Awalt lot prior to January 1, 1948, and the parties who owned the Alexander lot prior to January 1, 1948, from and after January 5, 1907, acquiesced in a joint use of the red brick wall for a period of ten years; (19) the parties who owned the Awalt lot prior to January 1, 1948, and the parties who owned the Alexander Building prior to January 1, 1948 and from and after January 5, 1907, acquiesced in a joint use of the red brick wall for a period of twenty-five years; (20) that $1,500 is the rental value of the Alexander lot during the time Alexanders were unable to use the lot because of the controversy herein; and (21) the reasonable cost of completing demolition of the wall involved here would be $2,500.

The Alexander three-story brick building had stood on Lot 4, Block 31 since about 1876, acquired by him in 1907; adjacent thereto was a five-story building of reinforced concrete with ownership by Awalt, Trustee, as of 1943, built by Barron Brothers on Lot 3 in 1911. In 1948 the Alexander building was largely destroyed by fire with the four exterior walls left standing. Alexander had contracted with Morrow Wrecking & Lumber Company to raze these walls. Morrow had demolished all but the west wall, next to Awalt's building; having proceeded upon that wall

extensively when stopped by Awalt who claimed in effect that the wall was his, demanding that it be restored along with other conditions (according to Morrow), such as increasing height of wall above the old third floor and then bonding the two walls together with steel ties. Alexander was out of the country at the particular time and Morrow, to avoid trouble as he said, agreed to the demands of Awalt, hiring another to do the work of restoration under direction of an architect, which had largely been completed when Alexander returned, demanded stoppage of the work that Morrow had last been engaged upon with the result of the conflicting claims reflected in the above jury issues and answers. Physical condition of said west wall has since remained unchanged with Alexander's lot made use of as a public parking place. The suit of Awalt in the beginning was for injunction and damages.

By negative answers to Issues 1 and 2, the jury rejected the contention of each party relative to boundary line of their respective lots; the trial court hearing argument on motion of all parties for judgment. And here we quote from the judgment rendered: "The court * * * is of the opinion and finds that none of the said motions is entitled to be sustained in its entirety except that of Morrow Wrecking & Lumber Company, Inc., but that, based upon a proper construction of the jury verdict together with the undisputed facts, judgment should be rendered as hereinafter stated. The Court further finds that, properly interpreted, the verdict of the jury herein is to the effect that, although when originally constructed the Alexander building had a five (5) course brick wall, which stood for more than twenty-five years prior to June 1, 1911, the answers of the jury to Special Issues 16, 17, 18 and 19 are sufficient to establish as a matter of law that the defendants Wm. M. Alexander and sisters lost by limitation that amount of their property along the West line thereof as

equals the thickness of one (1) course of brick, which thickness the Court finds from the undisputed evidence to be 2⅝ inches. The Court, therefore, finds, based upon the verdict of the jury and the undisputed evidence, that the true boundary line dividing the Awalt property on the West and the Alexander property on the East is as follows: Being located in Block $31\frac{1}{46}$ according to the Official Map of City of Dallas, Dallas County, Texas: Beginning at a point in the North line of Elm Street, said point being 112 feet 9¼ inches Easterly from the Southwest corner of a three-story building now located at the Northeasterly corner of Austin and Elm Streets, said point being also the Southeasterly corner of the Awalt building as now located on the ground and the Southwesterly corner of the remains of the West wall of the Alexander building; Thence Northwardly from said point in the North line of Elm Street at an angle of 90 deg. 7 min. 18 sec. a distance of 80.05 feet, which said point is 5½ inches Westerly from the intersection of the East face of the Northern part of the Awalt building and the remains of the Northerly wall of the Alexander building. The Court further finds that a portion of plaintiff's building extends Eastwardly from the line as fixed in the foregoing finding, and that so much thereof as extends Eastwardly constitutes an encroachment upon the land belonging to the defendants Wm. M. Alexander, Cora P. Dougherty and Annie L. Hunter, which encroachment they are entitled to have removed. The Court further finds that the said plaintiff acting through the medium of his agent, Morrow Wrecking & Lumber Company, Inc., did erect a wall upon the property of the defendants Wm. M. Alexander, Cora P. Dougherty and Annie L. Hunter by adding rows of brick superimposed upon a small portion of the wall belonging to the defendants Wm. M. Alexander, et al, which they were then engaged in demolishing. That in so doing the plaintiff tied said wall which he had erected into the wall

of his own building. That the erection of said wall upon the property of the defendants Wm. M. Alexander, Cora P. Dougherty and Annie L. Hunter constitutes an encroachment upon their land, which they are entitled to have removed."

As we view the record and the initial issue answered negatively by the jury, Awalt's claim of boundary line would encompass or be inclusive of Alexander's west wall. In turn, we interpret the call in Alexander's issue No. 2 of a boundary line between the two lots of 112.55 feet easterly, etc., as beginning at point of the five-course brick wall. This contention the jury also rejected, finding (Issue 10) that one course of brick had been removed at time of the 1911 Awalt building construction. The trial court simply allowed for this one course of brick, taking as the beginning point of boundary, a line 112 feet 9¼ inches easterly along Elm Street, etc., "said point being also the southeasterly corner of the Awalt building as now located on the ground and the southwesterly corner of the remains of the west wall of the Alexander building." But we find no basis in undisputed facts for the further court finding of boundary line as extending "northwardly from said point in the Northline of Elm Street at an angle of *90 deg. 7 min. 18 sec.* a distance of 80.05 feet, which said point is *5½ inches Westerly* from the intersection of the East face of the Northern part of the Awalt building and the remains of the Northerly wall of the Alexander building." (Emphasis ours.) It is this finding of which appellant principally complains; namely, that where the jury has found against the contention of both parties concerning the true boundary line, the court cannot resolve the issue by an independent finding not supported by pleadings or undisputed evidence. Appellant objects in particular to the "5½ inches Westerly" call as requiring the removal of that amount of his property at the North end. In this connection, it appears conclusively that (1) each party has established title by

limitations at least to the ground upon which the respective buildings stand; (2) that each building stands upon its own foundation and supporting walls, with a perceptible void or space between, the Awalt curtain wall consisting of a different type of brick. The true boundary line in question necessarily runs between these walls beginning at their known corners on Elm Street and going back Northwardly 80.05 feet, to the Northwest corner of the Alexander building and beyond. It may be that the record supports only this general determination of boundary line; even so, the law regards that as certain which is capable of being ascertained and definitely fixed.

Appellee Alexander says that the court finding of boundary line fixes same as between these identical walls; the course of 90 deg. 7 min. 18 sec. northwardly being the precise angle at which the walls run from Elm Street to the North end of Alexander's wall where there is an offset of 5½ inches East, the Awalt wall then extending on to 90 feet; that all these things are reflected in their Exhibit 84, the offset mentioned in the court's judgment having no bearing on the properties here involved. If, as appellee further states, "the trial court's judgment requires Awalt to remove no portion of his East wall, save only the 8 inches over-hang", such final decree will be reformed accordingly. However as we understand the judgment under review it fixes the boundary line as running along side the Awalt East wall, giving to him all the ground on which his building now stands.

In Issues 16 through 19 the jury has found that Alexander acquiesced in a joint use of the red brick wall for more than ten to twenty-five years between 1878 and 1907, and for more than ten to twenty-five years between 1911 and 1948. It is only the latter period that is material. We agree with appellees' contention of absence of evidence to support these findings, either of acquiescence or joint use.

As we have already seen, the old red brick wall at no time served as an exterior wall of the Awalt building, the latter a concrete reinforced structure, deriving its support wholly from its own foundation, beams and pilasters; the only use made of the Alexander wall being the initial clipping off of one course of brick from his west wall to make room for the East wall and pilasters supporting that side of the Awalt building. Aside from this, appellant's pleadings do not raise the issue of party-wall; nor include allegations of a boundary established by agreement, acquiescence or recognition.

Under Issue 3 is the jury finding that the furthest extension of the East side, concrete pilasters and beams of the Awalt building, is not entirely within the boundary line of the Awalt lot; the trial court ordering removal of "any and all portions of his building which protrude, extend into, upon or over Eastwardly from the boundary between plaintiff's property and that of the defendant's * * *". This feature of the decree is referable only to the following facts: In the tearing down by Morrow of Alexander's west wall, it was discovered that an encroachment existed in nature of an over-hang or extension over of Awalt's upper wall of some 8 inches—a condition observable, according to plaintiff's witness John, "after a part of this wall had been torn down * * *".

Appellant argues that the encroachment, if existent, had been open to the full view of any interested person since construction of the building in 1911 and that there is nothing in the record justifying the cost incident to a correction of the condition at this late date. He does not plead, however, that Alexander knew or should have known of the encroachment; acquiring no prescriptive rights, if there be such, except per force of the statute of limitations, not pled. The trial court's judgment of mandatory injunction will be confined to the particular 8 inches of over-hang; also to removal of wall erected by Morrow and tied into plaintiff's wall at the latter's instance on or about February 16th, 1949 as found in above quoted decree of Court.

The trial court awarded Morrow the sum of $335 penalty for wrongful injunction and, in line with the jury verdict, the further sum of $3,150 for services rendered Awalt in restoration of wall plus $350 architect fee, a total recovery of $3,835; Alexander's recovery against Awalt being $1,500 in loss of rents. Under points 5 and 6 appellant asserts error in these renditions on ground that under overwhelming weight of the evidence neither party is entitled to any such recovery. Effect of the jury finding was that Awalt had no title to or interest in the original five course brick west wall of the Alexander property. Any interference by him in Morrow's attempted razing of the wall was therefore wrongful. Both Morrow and Alexander alleged their damages consequent thereon and have produced evidence in support; plaintiff detailing none to demonstrate that such claims were other than matters for the jury's consideration.

The points are overruled.

The judgment under review will be reformed; that is to say, the grant of injunction is limited to the particulars hereinabove mentioned, and as reformed is in all respects affirmed.

## On Motion for Rehearing

Appellant reiterates it to be an undisputed fact that the true boundary between the properties is at the location fixed by Surveyors John and West, as shown in Exhibit 55. But testifying to the contrary was W. H. Burke, a licensed engineer and employee of the City of Dallas for more than 48 years at time of trial. His statements were to effect that in 1922 his predecessor had made an arbitrary change concerning the corner of original Block 31; doing so by using an angle of 90 degrees off of Commerce Street; that

this made a difference of about 1.4 foot variance in the distance along Commerce Street and the distance along Elm Street, which is not shown in the original record; that as a result the cross marks used by witnesses John and West as a starting point were that distance East of the true corner; making Awalt's East line 1.4 feet further East than it should be. The jury's answer to issue 3 was consistent with above testimony of Burke. In this connection we have concluded on re-examination of the record, that as found by the trial court and undisputedly, the boundary line *does* run "Northwardly from said point in the North line of Elm Street at an angle of 90 degrees, 7 minutes, 18 seconds, a distance of 80.05 feet * * *."

Also in original opinion, in the paragraph discussing the encroachment or 8 inch overhang, we mistakenly stated that appellant did not plead limitation with respect thereto. The limitation statutes *were* pled, but no evidence was adduced thereon which could have supported a jury verdict.

Otherwise appellant's motion for rehearing is overruled.